**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

VANESSA MCQUEEN,                                              Case No. 1:20-cv-864

     Plaintiff,

                                          Barrett, J.

     v.                                                        Bowman, M.J.

CITY OF CINCINNATI, et al.,

     Defendants.

**REPORT AND RECOMMENDATION**

On October 30, 2020, Plaintiff, a resident of Cincinnati, Ohio, filed a motion seeking to file a civil complaint *in forma paupers*, or without payment of the requisite filing fee. In addition to a 5-page federal complaint form, Plaintiff has attached 121 pages of exhibits, which are incorporated as part of her complaint. (Doc. 1-1). Plaintiff seeks to file suit against the City of Cincinnati, Excel Development Company, Greater Cincinnati Behavior, HUD, and the Ohio Civil Rights Commission (Housing). By separate Order issued this date, Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of Plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B). For the reasons that follow, Plaintiff's complaint should be DISMISSED.

    I.    **Screening Standard**

In enacting the original *in forma pauperis* statute, Congress recognized that a

"litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

## II.    Analysis of Plaintiff's complaint

The allegations in Plaintiff's handwritten complaint are rambling and extremely difficult to decipher. However, she appears to allege that the identified Defendants have violated her federal civil rights in some manner, possibly in relation to her housing. In the "Statement of Claim" section of the form, Plaintiff includes modest allegations regarding the Defendant City of Cincinnati and Defendant Greater Cincinnati Behavior as follows:

> [Defendant] City of Cincinnati – Jan 2019. Spoke with Alfred legislative Aide. Upon communicating with Officer Dozier stated "We not going to fight

3

nor help you fight the police Ms. McQueen" adding "You look like your [sic] having a mental breakdown."

Returning Nov 2019.  With 2 packet of the same provided here, to every Council Member & City Manager.  Hurried escorted out of Council meeting, Michelle Edward took information – faded away.  Several months into Michele called asking me my concerns "Being targeted, by house, law enforcement, Several months Perri called inquiring the same concerns. "Being targeted by housing law enforcement, mental health"  ok faded –

[Defendant Greater Cincinnati Behavior] Upon calling Kim Shelton GCB case manager July 2020.  Kim Shelton not case manager anymore.  Taryn – hung up on me once transferred.  Aug 2020 Therapist James Sentz phase out.  Received final notice – 513-503-5189 called.  Sept 30, 202also called (513) 354-5200).  Left messages.  No return call.  Forced interactions.  Gary Chaney, received internet mail at Unit 6 same as [F]red stokes, cyberbullying – stalking – second week of Aug 2020.  Gary Chaney frantically knocked on Unit 6.  Something concerning law enforcement attempting to [illegible] his way into Unit 6. I bragged [sp?] him out.  As I finished my therapist appt with James Sentz.  June 2020 as I look out window Sheridan Dubose felt threatened calling CPD Dist3 I received a visit.

(Doc. 1-1 at 4).

In the "relief" section of the complaint form, Plaintiff explains that she seeks an unspecified amount of monetary damages for:

personal injury (Emergency Ane[u]rysm)[,] compensation for intentional mental health abuse, physical abuse, emotional abuse psychological abuse, psychological manipulation of Excel, GCB, HUD, Ohio Civil Right[s] Commission, City of Cinti., 1. Denying 2. Suppressing, 3 attempting to state None of this ever happened.  Compensation for denial of federally fund program.  Total breach of Excel housing Lease  Compensation for Intentional Infliction of Emotional Distress.  Extreme disregard.

(*Id.* at 5).

The 121 pages attached to the complaint form span a timeframe from 2012 through 2020.  Many relate to various concerns that Plaintiff has had with her subsidized housing and ultimate eviction from that housing, while others bear no clear relation to those concerns.  The exhibits are not organized or labeled.  Having reviewed the entirety of the

4

exhibits, the undersigned finds the connection between many of the attachments and the allegations of the complaint to be elusive. (*See*, *e.g.*, Doc. 1-1 at 76 (petition for civil staling protection order filed in Hamilton County Court of Common Pleas); *id.* at 78-81, 89-90 (medication records); *id.* at 91 (10/9/17 letter from primary care physician withdrawing "professional commitment due to a breakdown in the doctor/patient relationship"); *id.* at 85, 87-88, 92 (notices relating to assignments of Care Managers by Greater Cincinnati Behavioral Health Services); *id.* at 93-95 (2017 police records); *id.* at 102-103 (letters from attorneys declining representation); *id.* at 106 (form letter from Acurian Health seeking Covid-19 Vaccine research subjects).

However, a number of the exhibits relate to housing concerns, which the undersigned infers may be the genesis of Plaintiff's federal complaint. For example, Plaintiff has included a complaint for eviction filed in state court by Defendant Excel, and documents relating to that claim. (*See*, *e.g.* Doc. 1-1 at 7-13.) She also has included multiple letters from the Ohio Civil Rights Commission and at least one from Defendant HUD. The OCRC letters refer to charges filed by Plaintiff against Excel Management, alleging housing discrimination due to her disability and her sex, and generally conclude that OCRC found no "evidence to support an eviction or unscheduled inspections" for discriminatory reasons, and/or decline jurisdiction for other reasons. (*See* Doc. 1-1 at 40-41, 72-74; *see also id.* at 44 (HUD letter to Plaintiff notifying her of closure of complaint for lack of jurisdiction); *id.* at 75 (correspondence dated 11/18/19 from the Department of Health and Human Servs. ("HHS"), Office for Civil Rights ("OCR") declining to investigate)).

Even assuming that Plaintiff is alleging some form of housing discrimination,

Plaintiff's allegations are illogical to the point of being incomprehensible, and are fairly described as fantastical or delusional.  To the extent that Plaintiff intended to state some form of claim under the Fair Housing Act or under 42 U.S.C. § 1983, she fails to include any factual content or context from which the Court may reasonably infer that any of the identified Defendants discriminated against her in violation of the Fair Housing Act or otherwise violated any of Plaintiff's federal or constitutional rights.

### III. Conclusion and Recommendations

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted and should be dismissed under 28 U.S.C. §1915(e)(2)(B).  Accordingly, it is **RECOMMENDED** that this action be **DISMISSED** with **PREJUDICE** for failure to state a claim for relief.  It is further **RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*.

 *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

6

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**


VANESSA MCQUEEN,                                    Case No. 1:20-cv-864

     Plaintiff,

                                          Barrett, J.

       v.                                             Bowman, M.J.

CITY OF CINCINNATI, et al.,

     Defendants.


## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).